**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| IN RE: ) | BANKRUPTCY CASE |
| ) | NO. 21-10380-SDB |
| ROGER L. WHITEHEAD, ) | JUDGE SUSAN D. BARRETT |
| ALICIA M. WHITEHEAD, ) | CHAPTER 13 |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |

**OBJECTION TO CONFIRMATION**

COMES NOW CREDIT ACCEPTANCE CORPORATION (hereinafter referred to as "CREDIT ACCEPTANCE"), a creditor of the above-named Debtors and files this its "Objection to Confirmation", of the Debtors' Plan of Reorganization, showing to this Court as follows:

1.

CREDIT ACCEPTANCE is a secured creditor of the Debtors, holding a duly perfected security interest in a certain 2014 Dodge Ram, Vehicle Identification No. 3C6JR6AG6EG316361.

2.

The debt owed to CREDIT ACCEPTANCE is $10,229.45 (net balance).

3.

In accordance with 11 U.S.C. § 1325, a vehicle purchased within 910 days preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle acquired for the personal use of the Debtor and the Creditor has a purchase money security interest securing the debt that is the subject of the claim, said claim shall not be valued under 11 U.S.C. 506.  In the present case, the vehicle was purchased on

03/12/2020, is a purchase money security interest, and is used for the Debtor's personal use.  Therefore, CREDIT ACCEPTANCE shows its claim shall be allowed and treated as fully secured in the amount of $10,229.45 plus interest thereon at 6.25%.  CREDIT ACCEPTANCE requests its post confirmation plan payment commence immediately upon confirmation to be paid concurrent with the debtor's attorney fees. Furthermore, CREDIT ACCEPTANCE request pre-confirmation adequate protection in the amount of $102.00 per month retroactive to the date of filing.

4.

Movant does not have and has not been offered adequate protection by Respondents.  11 U.S.C. 1326 (a)(1)(C) requires the Debtor to provide adequate protection directly to a creditor holding an allowed secured claim.  The Debtor's plan fails to comply with 1326 (a)(1)(C) and as such CREDIT ACCEPTANCE request that confirmation be denied.

5.

The Plan, as proposed, does not provide to CREDIT ACCEPTANCE the present value of its claim and violates 11 U.S.C. Section 1325.

WHEREFORE, CREDIT ACCEPTANCE prays that confirmation be denied.

                        LEVINE & BLOCK, LLC

By: /s/ Ronald A. Levine
Ronald A. Levine, Esq.
[GA Bar No. 448736]
ATTORNEYS FOR CREDIT
ACCEPTANCE CORPORATION

P.O. Box 422148
Atlanta, Georgia 30342
(404) 231-4567
F:\Autos 2\Credit Acceptance Corp\21-10380\Objection.wpd

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that I have this date served a copy of the within and foregoing "Objection to Confirmation" via electronic means as listed on the Court's ECF noticing system or by regular first class mail by depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to insure delivery upon the following:

Roger L. Whitehead
Alicia M. Whitehead
3703 Lexington Drive
Augusta, Georgia 30906

Angela McElroy-Magruder,
Claeys, McElroy-Magruder & Kitchen
512 Telfair Street
Augusta, Georgia 30901-2310

Huon Le, Esq.
Chapter 13 Trustee
P O Box 2127
Augusta, GA. 30903

    This 8th day of July, 2021.

                                LEVINE & BLOCK, LLC

                        By: <u>/s/ Ronald A. Levine</u>
                              Ronald A. Levine, Esq.
                              [GA Bar No. 448736]
                              ATTORNEYS FOR CREDIT
                              ACCEPTANCE CORPORATION

P.O. Box 422148
Atlanta, Georgia 30342
(404) 231-4567
F:\Autos 2\Credit Acceptance Corp\21-10380\Objection.wpd