IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | Chapter 13 |
| Roger L Whitehead | ) | |
| Alicia M Whitehead | ) | Case No: 21-10380-SDB |
| 3703 Lexington Drive | ) | |
| Augusta, GA 30906 | ) | |

Debtors

**<u>TRUSTEE'S OBJECTION TO CONFIRMATION</u>**

  COMES NOW, the Chapter 13 Trustee Huon Le, by and through counsel, and pursuant to 11 U.S.C. Sections 1324 (a) and 1325, objects to the confirmation of the Debtors' proposed plan.

  The specific deficiencies are:

  1. Debtors seek to make payments directly to the Chapter 13 Trustee rather than through a Notice to Commence Wage Withholding although Schedule I show Debtors as employed. As Debtors are gainfully employed, Trustee opposes Debtors' Motion to Pay Direct and requests a Notice to Commence Wage Withholding be issued.

  2. Debtor's Plan does not provide for the secured claim of Republic Finance LLC in the amount of $4,800 (Claim 2). The Trustee provides notice that, absent plan amendment or objection to claim by Debtor, the claim will be paid as filed, with 12 percent interest. See Fed. R. Bankr. P. 3001(f) (claim filed in accordance with rules constitutes prima facie evidence of validity and amount of claim); LBR 3001-2 (12 percent interest).

  3. Debtor 1 just recently started a new job. The Trustee requires Debtor 1 to provide copies of his pay advices as soon as he starts receiving them.

  4. The chapter 13 budget reflects an expense amounts that may be excessive and unnecessary for the maintenance or support of the Debtor or dependents, in violation of 11 U.S.C. § 1325(a)(3) and 1325(b)(2)(A). Such excessive and unnecessary expenses include telephone, internet, cell phone monthly expense of $430 monthly and school and travel baseball expense of $300 monthly.

  5. In addition, the Trustee requires additional information on the cell phone expense and whether Debtors are purchasing cell phones from their service provider. If phones are being purchased, then Debtors need to amend their plans to provide for a step-up in plan payments as those phones are paid off.

  6. Debtor's Schedule J reflects net monthly income of $1,303.68 and the Plan provides for monthly payments of $817. Thus, Debtor has not committed all projected disposable income to unsecured creditors. Accordingly, the Pan does not satisfy § 1325(b)(1)(A) or (B). In re Barnes, 528 B.R. 501 (Bankr. S.D. Ga. 2015). Trustee requests general unsecured creditors receive payment of their claims in full with 5.5% interest or that the Debtor contribute all disposable income to the Plan payments.

  7. Debtors propose to retain three vehicles, which is in excess of what is necessary for an effective reorganization, while paying a de minimis dividend to unsecured creditors. The Plan has not been proposed in good faith. In particular, the Trustee objects to Debtor paying the secured debt owed to Professional Financial Services for the 2011 Toyota Corolla that Debtors' daughter intends to take to college with her.

WHEREFORE, said Trustee prays that the Court deny confirmation of Debtors' proposed plan.

This 22nd day of July 2021.

/s/ Frederick L. Carpenter
Frederick L. Carpenter, Attorney for
Chapter 13 Trustee Huon Le
Georgia Bar No. 341438

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of this Trustee's Objection to Confirmation have been forwarded by either electronic or first-class mail, postage prepaid, to the above-named Debtors and the parties whose name appears below, on the 22nd day of July 2021.

/s/ Lucinda Mcleod
Office of the Chapter 13 Trustee
Post Office Box 2127
Augusta, GA 30903-2127

Claeys McElroy Magruder & Kitchens
Attorney At Law
512 Telfair St
Augusta, GA 30901